| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

DARLENE BALISTRERI-AMRHEIN, §
　　　　　　　　　　　　　　　　§
　　　　Appellant,　　　　　　　　§
　　　　　　　　　　　　　　　　§　CIVIL ACTION NO. 4:21-CV-973
*versus*　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§
AMERICAN TECHNOLOGY, INC.,　　§　APPEAL OF ADVERSARY NO.
　　　　　　　　　　　　　　　　§　19-04077
　　　　Appellee.　　　　　　　　§

## MEMORANDUM OPINION

Pending before the court is Appellant Darlene Balistreri-Amrhein's ("Balistreri-Amrhein") appeal from the bankruptcy court's Findings of Fact and Conclusions of Law and Judgment, both entered November 15, 2021, wherein the bankruptcy court denied Appellee American Technology, Inc. ("ATI") the relief it requested in its Complaint Objecting to Discharge of Debt underlying the Adversary Proceeding. Having reviewed the bankruptcy court's orders, the record, the submissions of the parties, and the applicable law, the court is of the opinion that Balistreri-Amrhein's appeal should be dismissed for lack of standing.

On June 14, 2019, Balistreri-Amrhein filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Eastern District of Texas, commencing Bankruptcy Case No. 19-41626.[1] On September 24, 2019, ATI filed its Complaint Objecting to Discharge of Debt, amended on that day, in the above-referenced adversary proceeding, claiming that Balistreri-Amrhein "fraudulently and intentionally withheld payments that she had agreed to assign to ATI in exchange for remediation services to her property."

---

[1] The bankruptcy case was closed on May 27, 2020.

The bankruptcy court conducted a trial in the adversary proceeding on October 12, 2021. According to the bankruptcy court, Balistreri-Amrhein "chose not to appear or participate at the [pre-trial] status conference" and "failed to appear at trial." Nevertheless, on November 15, 2021, the bankruptcy court issued its Findings of Fact and Conclusions, in which it denied "all relief requested in [ATI's] Amended Complaint" because ATI failed to prove its claims by a preponderance of the evidence. Accordingly, the bankruptcy court entered a final judgment in favor of Balistreri-Amrhein. On December 14, 2021, Balistreri-Amrhein filed a notice of appeal, appealing from the bankruptcy court's Findings of Fact and Conclusions of Law and Judgment, both entered November 15, 2021.

"Standing to appeal a bankruptcy court order is, of necessity, quite limited." *Dean v. Seidel (In re Dean)*, 18 F.4th 842, 844 (5th Cir. 2021) (quoting *Furlough v. Cage (In re Technicool Sys., Inc.)*, 896 F.3d 382, 385 (5th Cir. 2018)); *accord NexPoint Advisors, L.P. v. Pachulski Stang Ziehl & Jones LLP (In re Highland Cap. Mgmt., L.P.)*, No. 19-34054-SGJ-11, 2022 WL 1457971, at *1 (N.D. Tex. May 9, 2022); *BDFI, LLC v. Walker & Patterson, P.C.*, No. 2:19-CV-145, 2020 WL 2849971, at *2 (S.D. Tex. June 2, 2020). To determine whether a party has standing in bankruptcy court, the courts use the "person aggrieved" test. *In re Dean*, 18 F.4th at 844; *Coho Energy Inc. v. Gibbs & Bruns LLP (In re Coho Energy Inc.)*, 395 F.3d 198, 202 (5th Cir. 2004); *see Mandel v. Mastrogiovanni Schorsch & Mersky (In re Mandel)*, 641 F. App'x 400, 402 (5th Cir. 2016); *Fortune Nat. Res. Corp. v. U.S. Dep't of Interior*, 806 F.3d 363, 366 (5th Cir. 2015). The test "is an even more exacting standard than traditional constitutional standing." *In re Dean*, 18 F.4th at 844 (quoting *Fortune Nat. Res. Corp.*, 806 F.3d at 366); *In re Coho Energy Inc.*, 395 F.3d at 202; *accord Havens v. Mar. Commc'ns/Land Mobile L.L.C. (In*

*re Mar. Commc'ns/Land Mobile L.L.C.)*, 745 F. App'x 561, 562 (5th Cir. 2018). "Because bankruptcy cases typically affect numerous parties, the 'person aggrieved' test demands a higher causal nexus between act and injury; appellant must show that he was 'directly and adversely affected pecuniarily by the order of the bankruptcy court' in order to have standing to appeal." *In re Coho Energy Inc.*, 395 F.3d at 202-03 (quoting *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 443 (9th Cir. 1983)); *accord In re Dean*, 18 F.4th at 844; *In re Mar. Commc'ns/Land Mobile L.L.C.*, 745 F. App'x at 562. Indeed, "[s]uch standing must be connected to the exact order being appealed as opposed to the proceedings more generally. *In re Dean*, 18 F.4th at 844; *see Fortune Nat. Res. Corp.*, 806 F.3d at 367. Finally, the appellant "shoulders the burden of alleging facts sufficient to demonstrate that [he] is a proper party to appeal." *Fortune Nat. Res. Corp.*, 806 F.3d at 366 (quoting *Rohm & Hass Tex., Inc. v. Ortiz Bros. Insulation, Inc.*, 32 F.3d 205, 208 (5th Cir. 1994)); *accord Prince v. Chow (In re Prince)*, 548 F. App'x 262, 264 (5th Cir. 2013).

In the present case, Balistreri-Amrhein failed to show that she was adversely impacted by either the bankruptcy court's Findings of Fact and Conclusions of Law or Judgment. In her Response to ATI's Amended Complaint Objecting to Discharge of Debt, which, in effect, is an answer to ATI's Amended Complaint, Balistreri-Amrhein does not assert any counterclaims against ATI. Indeed, Balistreri-Amrhein has not directed the court to any other document in which she asserts a claim for relief. Given that the Findings of Fact and Conclusions of Law and Judgment dispose of ATI's claims in Balistreri-Amrhein's favor, she cannot show that she was "directly and adversely affected" by the bankruptcy court's orders. *See In re Dean*, 18 F.4th at 844; *In re Mar. Commc'ns/Land Mobile L.L.C.*, 745 F. App'x 562; *In re Coho Energy Inc.*, 395

F.3d at 202-03. Thus, Balistreri-Amrhein does not have standing to appeal the bankruptcy court's orders denying ATI relief, and the appeal must, therefore, be dismissed.

Moreover, in her briefing, Balistreri-Amrhein does not present a cognizable claim for relief from the bankruptcy court's orders. In its Findings of Facts and Conclusions of Law, the bankruptcy court noted:

> Many of [Balistreri-Amrhein's] filings in this dispute can be fairly characterized as outlandish, baseless, and even vituperative. The Court does not doubt the frustration of [ATI] arising from its interactions with [Balistreri-Amrhein] in this case.

The court concurs with the bankruptcy court's assessment.

To the extent the court can discern Balistreri-Amrhein's challenge to the bankruptcy court's orders, she appears to argue that the bankruptcy judges were required to recuse themselves from the adversary proceeding. She does not articulate a reason necessitating recusal, and this court is unable to identify one. Thus, in addition to being an improper party to appeal the bankruptcy court's orders, Balistreri-Amrhein does not present a non-frivolous argument for this court to consider. *See Henriquez v. 42 U.S.C. 654(3) Tex. Child Support Div.*, 744 F. App'x 234, 235 (5th Cir. 2018) (affirming the trial court's orders where the appellant failed to "describe the alleged errors with enough clarity or specificity for th[e] court to weigh in"); *Ponder v. Avalon Corr. Servs., Inc.*, 743 F. App'x 546, 546 (5th Cir. 2018) ("[Appellant's] brief on appeal is incomprehensible—it does not describe the alleged legal errors with enough clarity or specificity for [Appellees] to respond or for this court to weigh in. Therefore, we must affirm."), *cert. denied*, 139 S. Ct. 2016 (2019); *United States v. Reeder*, 207 F. App'x 435, 436 (5th Cir. 2006).

Consistent with the foregoing analysis, Balistreri-Amrhein's appeal is DISMISSED.

4

SIGNED at Beaumont, Texas, this 7th day of June, 2022.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE