| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

DARLENE BALISTRERI-AMRHEIN, §
　　　　　　　　　　　　　　　　§
　　　　　　Appellant, §
　　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§　CIVIL ACTION NO. 4:21-CV-973
versus　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　§
AMERICAN TECHNOLOGY, INC., §　APPEAL OF ADVERSARY NO.
　　　　　　　　　　　　　　　　§　19-04077
　　　　　　Appellee. §

## MEMORANDUM AND ORDER

Pending before the court are Appellant Darlene Balistreri-Amrhein's ("Appellant") "Motion For Leave To File Motion For Reconsideration for Good Cause Reasons, Pecuniary Interest, Legal Standing & Court Filed Expanded Page Limits" (#29), "Motion For Reconsideration for Good Cause Reasons, Pecuniary Interest & Legal Standing, Motion For Leave & Motion For Expanded Page Limits" (#30), "Motion For Reconsideration for Good Cause Reasons, Pecuniary Interest & Legal Standing For Expanded Page Limits" (#31), "Motion For Leave For Reconsideration of New U.S. Bankruptcy Code Violations, Fraud Upon Courts And Obstruction of Justice Discovered" (#32), and "Motion For Reconsideration of New U.S. Bankruptcy Code Violations, 'Fraud Upon Courts And Obstruction of Justice' Discovered" (#34).[1] It is unclear the exact relief Appellant seeks in her motions. Nevertheless, it appears that Appellant requests the court to reconsider its June 7, 2022, Memorandum Opinion (#27) dismissing Appellant's appeal for lack of standing. In the instant motions, Appellant does not present any new bases for relief, assert any novel legal arguments, or raise any significant factual

---

[1] Appellant's Motions for Leave to File Expanded Page Limits (#s 33, 35) are granted to the extent that Appellant may exceed any applicable page limit requirement.

or legal challenges to the court's opinion.  Thus, the court declines to reconsider its June 7, 2022, Memorandum Opinion (#27).  Moreover, Appellant's claims for court costs have not been raised with the bankruptcy court, and, therefore, she should first present those claims in that forum.

Also before the court is Appellant's "Motion for Automatic Disqualification Mandatory Recusal & Sworn Affidavit of U.S. District Court Judge Marcia Crone Under 28 U.S.C. 455, et seq.; 28 U.S.C. § 144, et seq.; 28 U.S.C. § 453, et seq." (#28).  In her motion, Appellant does not present any viable basis for the undersigned's recusal; nor is the court aware of any.  Instead, Appellant's motion, like all of her other numerous filings, is filled with a "frivolous hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish."  *Crain v. Comm'r*, 737 F.2d 1417, 1418 (5th Cir. 1984); *see Watson v. Tex. State Univ.*, 829 F. App'x 686, 686 (5th Cir. 2020); *Kemp v. Shreveport Police Dep't*, No. 17-CV-0703, 2017 WL 3712104, at *2 (W.D. La. July 25, 2017) ("[Plaintiff's] history of incomprehensible filings strongly suggest[s] that [she] will never be able to plead a non-frivolous complaint that complies with the court's simple order."), *adopted by* No. CV 17-0703, 2017 WL 3711899 (W.D. La. Aug. 28, 2017); *Smith v. Michael Jedynak Substitute Tr. Morris & Assocs. Wells Fargo Bank N.A.*, No. 3:14CV059-M-V, 2015 WL 13015997, at *3 (N.D. Miss. Jan. 28, 2015) (dismissing lawsuit where, "[i]n lieu of responsive arguments, [the] plaintiff frequently offers th[e] court grandiose allegations of vague conspiracies by [the] defendants.").  The court need not entertain such rubbish.  Indeed, the United States Court of Appeals for the Fifth Circuit recognizes that "*pro se* status is not a license to litter the dockets of the federal courts with patently baseless suits."  *Taylor v. Comm'r*, 350 F. App'x 913, 915 (5th Cir. 2009); *accord Margetis v. Furgeson*, No. 4:12-CV-753, 2015 WL 6688063, at *10 (E.D. Tex. Sept. 29, 2015), *aff'd*, 666 F. App'x 328 (5th Cir. 2016).

Consistent with the foregoing analysis, Appellant's Motions (#s 28, 29, 30, 31, 32, 34) are DENIED. Should Appellant persist in filing further frivolous motions in this appeal, the court will consider all available sanctions. *See* FED. R. BANKR. P. 8020; *Kenneth Michael Wright, L.L.C. v. Kite Bros., L.L.C. (In re Kite)*, 710 F. App'x 628, 632 (5th Cir. 2018) (affirming district court's award of sanctions under Fed. R. Bankr. P. 8020); *Lewis v. Hill*, No. 4:10CV242, 2011 WL 1299613, at *9 (E.D. Tex. Mar. 31, 2011) ("The standard used to determine whether a bankruptcy appeal is frivolous under Bankruptcy Rule 8020 is the same standard applied to determine whether an appeal is frivolous under Federal Rule of Appellate Procedure 38."); *see also Sun Coast Res., Inc. v. Conrad*, 958 F.3d 396, 398 (5th Cir. 2020) ("Federal Rule of Appellate Procedure 38 confers broad discretion on federal courts of appeals to award sanctions in any appeal the court determines to be 'frivolous.'" (citing FED. R. APP. P. 38)); *Burch v. America's Servicing Co. (In re Burch)*, No. 20-11074, 2021 WL 5286563, at *1 (5th Cir. Nov. 12, 2021) (imposing sanctions for a frivolous appeal in a bankruptcy case).

SIGNED at Beaumont, Texas, this 29th day of June, 2022.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE